UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PETER M. WENDT,

        *Plaintiff-Appellant,*

v.

DARLENE LEONARD, Individually;
RALPH THOMAS, JR., Individually;
ROY GITTINGS, Individually; JOHN
DOES, Individually; SEATOW SERVICES
OF CARTERET COUNTY, INCORPORATED;
JARRETT BAY BOAT WORKS,
INCORPORATED,

        *Defendants-Appellees.*

No. 02-2374

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge.
(CA-02-135-4-H)

Submitted: March 21, 2003

Decided: April 3, 2003

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

___

Affirmed by unpublished per curiam opinion.

___

## COUNSEL

Peter M. Wendt, Appellant Pro Se. David J. Adinolfi, II, Assistant
Attorney General, William McBlief, OFFICE OF THE ATTORNEY

GENERAL OF NORTH CAROLINA, Raleigh, North Carolina; Claud Roberson Wheatly, III, WHEATLY, WHEATLY, NOBLES, WEEKS & WAINWRIGHT, Beaufort, North Carolina; Janet Marie Lyles, DAVIS, MURRELLE & LUMSDEN, Beaufort, North Carolina; Robert Clifton Dodge, ROBERT C. DODGE, P.A., Beaufort, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Peter Wendt appeals the district court's order dismissing his complaint filed under 48 U.S.C. § 1983 (2000) and the denial of his motion for a preliminary injunction as moot. Wendt asserted civil rights claims against the Clerk of Carteret County Superior Court, the Carteret County Sheriff, and others, for their actions in confiscating his boat and other personal property when the North Carolina Department of Revenue obtained a tax judgment against him for failure to pay taxes in 2002, pursuant to N.C. Gen. Stat. § 105-242 (2002). Wendt also sought to enjoin the sale of his property in satisfaction of the judgment.

On appeal, Wendt contends the district court was required to exercise subject matter jurisdiction because he has presented a federal question by alleging violations of his Fourth and Fifth Amendment rights. However, this court lacks jurisdiction over his claims under the Tax Injunction Act, 28 U.S.C. § 1341 (2000). *Lawyer v. Hilton Head Pub. Serv. Dist. No. 1*, 220 F.3d 298, 303-04 (4th Cir. 2000). Wendt does not allege that North Carolina has failed to provide a "plain speedy and efficient remedy." Furthermore, civil rights actions under § 1983 do not fall under the exclusive jurisdiction of the federal courts, and may therefore be brought in North Carolina courts. *See Bacon v. Lee*, 549 S.E.2d 840, 843 (N.C. 2001). Therefore we affirm

the district court's order for the reasons stated in its opinion. *See Wendt v. Leonard*, No. CA-02-135-4-H (E.D.N.C. Oct. 23, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*